OPINION
{¶ 1} This accelerated appeal, submitted on the briefs of the parties, arises from the Geauga County Court of Common Pleas, Domestic Relations Division, wherein appellant, Charlene McGowan, appeals the divorce decree.
 {¶ 2} Appellant and appellee, Neal A. McGowan, were married on October 23, 1982. It was the second marriage for both. Appellant was a widow with a child from a previous marriage. The child born of that marriage was Eric Helm. There was one child born of the parties' marriage, Christopher, born September 17, 1983.
 {¶ 3} Appellant filed a complaint for divorce on October 4, 2001. Appellee filed an answer to the complaint on October 18, 2001. On December 4, 2001, an agreed judgment entry was submitted, which provided for temporary custody and child support regarding the parties' son, Christopher. The matter was set for trial commencing May 3, 2002, which was subsequently continued to September 20, 2002.
 {¶ 4} On September 10, 2002, appellee filed a motion to continue and a motion to consolidate the case with case No. 02M000690, a quiet title action brought by Eric Helm, naming appellant, appellee, and other defendants seeking quiet title to the marital real estate. Helm contended that appellant conveyed the property to him in fee simple prior to the marriage. On October 16, 2002, the trial court denied the motion to consolidate. On October 11, 2002, a motion to add Eric Helm as a new party defendant was filed. The trial court denied that motion on November 20, 2002. The final divorce trial was set for January 24, 2003.
 {¶ 5} On October 11, 2002, appellant filed a motion to show cause against appellee for failure to comply with the terms of the temporary order. A hearing on that motion was scheduled for February 6, 2003.
 {¶ 6} On the morning of January 24, 2003, the date set for the final divorce trial, the parties, each with counsel, negotiated a resolution of all issues outside the courtroom. Counsel for appellant drafted a three-page, handwritten document outlining the terms of the agreement. The parties and their respective counsel signed the document and proceeded into the courtroom. The document was presented to the court for approval. The transcript of the proceedings reveals that counsel provided a joint exhibit, stating that both parties understood it represented an agreement between the parties and that it would be incorporated into the decree of divorce. Both parties acknowledged, under oath, that they had signed the agreement and would be bound by the terms enumerated therein. The court then accepted the agreement and, pursuant to that agreement and the in-court acknowledgement of the parties, counsel for appellee prepared and submitted a formal, typed copy of the agreement to counsel for appellant. Prior to receiving a response from appellant, counsel for appellee submitted it to the trial court pursuant to Local Rule 8 of the Court of Common Pleas of Geauga County.
 {¶ 7} The local rule provides, in pertinent part:
 {¶ 8} "A. Within ten (10) days after the announcement of the decision of the court or after the agreement of the parties making a judgment or order which requires settlement and approval as to form, counsel, designated at the court's discretion, shall prepare and serve upon counsel for any party who has appeared in the action a copy of the order or judgment embodying the court's decision or the agreement of the parties. The original shall be mailed or delivered to the judge. Any party thus receiving theproposed judgment or order shall within five (5) days thereafterserve upon the designated party and mail or deliver to the judgea statement of his approval or disapproval as to the form of thedraft and, in the latter instance, a statement of his objections,the reasons therefor, and a draft of the judgment or order whichhe proposes as a substitute. No later than fifteen (15) days after the announcement of the decision, the judge will sign an appropriate judgment or order, provided, however, that all counsel may approve the original in lieu of the foregoing procedure."[1]
 {¶ 9} On February 19, 2003, appellant filed objections to the judgment entry submitted by appellee, pursuant to Local Rule 8, and a motion to set aside the in-court settlement agreement. Attached to the motion was a sworn statement, dated January 28, 2003, which stated that appellant wished to withdraw from the agreement as "any and all decisions made were not made in my best interest."
 {¶ 10} On February 20, 2003, the trial court proceeded to sign the typed consent judgment entry divorce decree. Appellant subsequently filed the instant appeal, citing a single assignment of error:
 {¶ 11} "The trial court erred in overruling plaintiff-appellant's motion to set aside in-court settlement agreement, without holding an evidentiary hearing as to whether, in fact, a settlement agreement existed or whether there was a dispute as to the terms of the agreement."
 {¶ 12} Settlement agreements are favored by the law as they enable parties to reach resolution of issues in lieu of litigation. A decision to enforce an in-court settlement agreement is discretionary and will not be disturbed on appeal absent an abuse of discretion.[2] A settlement agreement entered into in the presence of the court becomes a binding contract.[3] The trial court has the discretion to accept a settlement agreement once it is satisfied that the agreement was not procured by "fraud, duress, overreaching or undue influence."[4] A party cannot attempt to repudiate a settlement agreement by simply asserting a change of heart or an assertion of poor legal advice.[5]
 {¶ 13} In the instant case, appellant contends that the trial court erred in overruling her motion to set aside the settlement agreement without holding an evidentiary hearing as to whether a settlement agreement existed or whether there was a dispute as to the terms of the agreement.
 {¶ 14} The settlement agreement at issue was presented to the court and accepted on January 24, 2003. Counsel for appellee prepared and submitted a typed judgment entry to counsel for appellant. Pursuant to Local Rule 8, after receiving a copy of the proposed judgment entry, appellant had five days to send a statement of approval or disapproval to both counsel for appellee and the trial court, along with a substitute proposed judgment entry. Appellant filed the motion to set aside the settlement agreement on February 19, 2003, purportedly pursuant to Local Rule 8(A). Attached to her motion was a sworn statement, dated January 28, 2003, in which appellant states that she wished to set aside the settlement agreement because "I feel that any and all decisions made were not made in my best interest."
 {¶ 15} We note initially that appellant did not notify either opposing counsel or the trial court of her disapproval with the typed judgment entry prepared by appellee's counsel. Therefore, pursuant to Local Rule 8, the trial court proceeded with approving the typed entry, and it was journalized. Appellant subsequently filed her motion to set aside the settlement agreement, asserting only that she thought it was not in her best interest. Appellant did not assert, in her motion, that there was a question about the existence of a settlement agreement or that there was a dispute as to the terms of the settlement. Furthermore, appellant did not assert fraud, duress, or undue influence, necessitating repudiation of the settlement within the motion. Thus, the trial court overruled appellant's motion and adopted the judgment entry submitted by appellee.
 {¶ 16} On appeal, appellant asserts that the trial court erred in not holding an evidentiary hearing to determine whether the settlement agreement should be set aside. In her brief, appellant asserts that she did argue duress at the trial court as a basis for setting aside the settlement agreement. However, the motion itself belies that contention. The gravamen of appellant's duress contention is that she was suffering from the flu on the day the settlement agreement was negotiated and had not slept adequately, as she was served with a subpoena immediately prior to the trial date, which required her to spend "numerous hours" trying to locate the financial records requested.
 {¶ 17} We find appellant's assertions to be unpersuasive. When attempting to successfully repudiate the settlement agreement, appellant had to timely claim and prove duress. As noted, a review of the record reveals that appellant did not make that assertion at the trial court level. However, even addressing appellant's allegation of duress, we find that appellant negotiated a lengthy settlement agreement, which was reducedo a handwritten document, which was then presented to the court. Under oath, appellant confirmed that she was fully aware of the terms of the agreement and agreed to be bound by them. Furthermore, appellant was subsequently presented with a typed copy of the agreement and did not assert her disapproval at that time. Finally, three weeks later, when she did file a motion to set aside the settlement agreement, she asserted only that it was not in her best interest. Thus, we conclude that both parties entered into a valid, binding settlement agreement and the trial court did not err in overruling appellant's motion without conducting an evidentiary hearing.
 {¶ 18} Appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.
Ford, P.J., Christley, J., concur.
[1] (Emphasis added.) Loc.R. 8(A) of the Court of Common Pleas of Geauga County.
[2] Rulli v. Fan Co. (1997), 79 Ohio St.3d 374.
[3] (Citation omitted.) Walther v. Walther (1995),102 Ohio App.3d 378, 383.
[4] Id.
[5] (Citation omitted.) Perko v. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435, and 2002-G-2436, 2003-Ohio-1877, at ¶ 27.