OPINION
{¶ 1} This accelerated calendar appeal emanates from a final judgment of the Geauga County Court of Common Pleas, Domestic Relations Division. Appellant, Anne Marie Benz, seeks the reversal of the trial court's decision to adopt a proposed written entry submitted by appellee, Michael J. Benz. For the following reasons, we conclude that appellant has failed to demonstrate any error on the part of the trial court.
 {¶ 2} The parties to this case were married for approximately fifteen years and have two children. In August 2003, appellant filed a complaint for a divorce, alleging that appellee had been extremely cruel and had neglected his duty. In conjunction with his answer to the complaint, appellee submitted a counterclaim for a divorce, asserting that the couple was no longer compatible.
 {¶ 3} After the divorce proceeding had been pending for approximately eight months, the parties were able to reach an agreement concerning the temporary custody of both children, the payment of temporary child support and spousal support, and the interim possession of the marital residence. In late April 2004, the case was scheduled for a final hearing on the merits before a court magistrate. However, prior to the beginning of that hearing, the parties were able to negotiate a new agreement on some of the final issues pending in the action. As a result of this new agreement, the scheduled hearing before the magistrate was cancelled.
 {¶ 4} On June 1, 2004, the trial court issued a judgment entry, which essentially set forth the terms of the new agreement negotiated by the parties approximately one month earlier. This judgment entry covered such matters as the final allocation of parental rights over both children to appellee, appellant's visitation rights, and the final distribution of the parties' personal property.
 {¶ 5} A new hearing on the remaining issues in the case was scheduled for July 8, 2004, before the court magistrate. Once again, though, an actual trial was never held, because the parties were able to settle all of the pending issues prior to the start of the proceeding. The court magistrate then conducted an abbreviated hearing on this final settlement. At the outset of the proceeding, the terms of the settlement were orally read into the record by appellee's counsel. Once all of the terms had been stated, the court magistrate asked each party whether he or she understood all aspects of the settlement and were entering into the settlement voluntarily. Both parties answered affirmatively to each of the magistrate's questions.
 {¶ 6} At the conclusion of the foregoing hearing, appellee's trial counsel stated that she would be willing to prepare the final divorce decree based upon the final settlement. In July 2004, appellee's counsel mailed a copy of a proposed judgment entry to appellant's trial attorney. This proposed judgment entry was only seven pages in length, but was also accompanied by a proposed written settlement agreement, which was fourteen pages in length.
 {¶ 7} On August 6, 2004, appellant's attorney faxed a letter to opposing counsel about the proposed judgment entry. Essentially, appellant's attorney requested that six changes be made to the judgment entry and the settlement agreement. On that same day, appellee's trial counsel faxed a response to the letter of appellant's attorney, basically stating that her client would not agree to two of the requested changes because they were inconsistent with the terms of the settlement that had been read into the record. Appellee's counsel also stated that, in light of the "new" disagreement, she would now prepare a second proposed judgment entry in which the terms of the settlement agreement would be incorporated into the first proposed judgment entry.
 {¶ 8} On August 16, 2004, appellant's attorney filed an objection in which he requested the trial court to reject any proposed judgment entry submitted by appellee. After explaining the nature of the prior correspondence between the two attorneys, appellant's attorney stated in the objection that, even though he was aware that appellee's counsel intended to submit a new proposed judgment entry, he had never been served with a copy of this document. Based upon this, appellant's attorney maintained that the trial court could not accept any new proposed judgment entry because Loc. R. 8(A) of the Court of Common Pleas of Geauga County requires that opposing counsel be given an opportunity to object to any proposed judgment entry prepared by an attorney for the court. In addition, appellant's attorney argued that the trial court should reject any proposed judgment entry from appellee's counsel that did not incorporate the changes he had suggested in his letter of August 6, 2004.
 {¶ 9} A review of the trial record indicates that the trial court never made a ruling upon appellant's objection. Instead, on August 23, 2004, the trial court issued a final divorce decree, which granted the parties a divorce and disposed of all pending matters in the action. This judgment entry was signed by the trial judge, the court magistrate, appellee, and his counsel. The signature lines for appellant and her attorney were blank. Attached to the judgment entry was a "Certificate of Service" page, which indicated that the judgment entry had been filed by appellee's counsel.
 {¶ 10} In now appealing from the final divorce decree, appellant has raised the following assignment of error for this court's consideration:
 {¶ 11} "The trial court erred as a matter of law by adopting a judgment entry of divorce proposed by counsel for [appellee] in violation of [a] local [rule] of court."
 {¶ 12} Under this sole assignment, appellant has advanced two basic arguments for our review. First, she contends that the trial court should not have released the final divorce decree because the provisions of that judgment were inconsistent with the terms of the parties' settlement. In support of this argument, appellant submits that, in preparing the final divorce decree, appellee's counsel inserted new terms to which she never agreed. Second, she argues that the trial court's adoption of the decree was improper because her trial attorney was never given an opportunity to review the proposed judgment entry.
 {¶ 13} As a general proposition, the use of settlement agreements is encouraged under Ohio law because they are a means by which the parties can resolve their differences without further litigation.[1] In the context of appeals from divorce proceedings, this court has noted that settlement agreements are commonly employed when the parties are able to reach an accord as to the terms of their separation.[2]
 {¶ 14} If the parties in a civil proceeding voluntarily enter into a settlement agreement while in the presence of the trial court, that agreement automatically becomes a binding contract between them.[3]
This court has also applied the foregoing rule to a settlement agreement that is entered into when the parties are before a trial court magistrate.[4] In addition, when the terms of a settlement agreement are properly preserved as a result of being read into the record, the trial court has the basic authority to sua sponte adopt a proposed judgment entry that accurately delineates those terms.[5] Finally, once a settlement agreement has been accepted by the trial court, a party cannot attempt to nullify the contract simply because she has changed her mind.[6]
 {¶ 15} In the instant case, the record before this court contains a transcript of the July 8, 2004 hearing, which was held before the court magistrate. Our review of that transcript readily shows that the terms of a settlement agreement between the parties was read into the record by appellee's counsel. Moreover, when the court magistrate then asked each party whether he or she was voluntarily agreeing to those terms, both answered in the affirmative. Thus, the foregoing precedent would be applicable in this instance; i.e., not only did the parties' agreement constitute a binding contract, but the trial court also had the authority to sua sponte adopt any proposed judgment entry that was consistent with the terms as read into the record.
 {¶ 16} In now challenging the propriety of the final divorce decree, which was ultimately adopted by the trial court, appellant asserts that some of the provisions in the judgment entry are inconsistent with the terms that were read into the record during the hearing before the magistrate. However, in making this assertion, appellant does not refer to any specific provision in the judgment entry to which she did not agree.
 {¶ 17} More importantly, as part of our review of the trial record in this case, this court has compared the provisions of the final divorce decree with the terms that were read into the record during the hearing. This comparison shows that each of the stated terms was included in the written judgment entry. Furthermore, although the judgment entry contained a number of extra provisions that were not included in the stated terms, those provisions were consistent with the wording of a prior agreed judgment entry that had been issued on June 1, 2004.
 {¶ 18} As was noted above, appellant's trial attorney argued in the written objection that certain changes had to be made to the first proposed judgment entry that had been mailed to him. In relation to the proposed changes, this court would first note that only four of the six changes were substantive in nature. Second, as to those four changes, a review of the hearing transcript readily shows that the subject matter of the changes was never stated in the actual terms of the settlement.
 {¶ 19} When considered as a whole, the trial record before us simply does not support appellant's contention that the provisions of the final divorce decree conflicted with the actual terms of the parties' settlement. Accordingly, the trial court did not err in adopting the proposed judgment entry, as submitted by appellee's counsel.
 {¶ 20} Under her second argument, appellant states that the submitted judgment entry should have been rejected because it was given to the trial court before her trial counsel had a chance to review it and make any necessary objections. As to this question, this court would indicate that the record before us appears to support appellant's assertion that, although appellee's counsel mailed a copy of the first proposed judgment entry to appellant's attorney, counsel did not follow the correct procedure in regard to the judgment entry that the trial court ultimately adopted. Nevertheless, in light of the fact that the final divorce decree was consistent with the terms of the settlement in all respects, the record before us does not support the conclusion that this error was prejudicial to appellant. To this extent, we would again emphasize that since the terms of the settlement were read into the record before the magistrate, the trial court was free to adopt any proposed judgment entry that followed those terms.
 {¶ 21} Pursuant to the foregoing discussion, this court holds that appellant has failed to establish that any prejudicial error occurred in the adoption of the proposed judgment entry by the trial court. Thus, because the sole assignment of error in this appeal lacks merit, it is the order and judgment of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] McGowan v. McGowan, 11th Dist. No. 2003-G-2500, 2004-Ohio-2786, at ¶ 12.
[2] Booth v. Booth, 11th Dist. No. 2002-P-0099, 2004-Ohio-524, at ¶ 6.
[3] McGowan, 2004-Ohio-2786, at ¶ 12.
[4] See Jones v. Warren, 11th Dist. No. 2002-T-0029, 2003-Ohio-2236, at ¶ 8-10.
[5] (Citations omitted.) Mentor v. Lagoons Point Land Co., (Dec. 17, 1999), 11th Dist. No. 98-L-190, 1999 Ohio App. Lexis 6127, at *8.
[6] Id.