OPINION
{¶ 1} Appellants, Leatherworks Partnership, David E. Shikles, and Gordon Shaaf, appeal from a decision of the Trumbull County Court of Common Pleas, denying their motion to set aside a settlement agreement entered into with appellees, the city of Girard ("the City"), and L.T. Boccia Construction Company, Inc., ("Boccia Construction"). Appellants also appeal from the court's judgment in favor of appellee, Daniel A. Terreri Sons, Inc., ("Terreri"). For the reasons that follow, we affirm.
 {¶ 2} On May 31, 1996, the City filed a complaint against appellants seeking injunctive relief and monetary damages. Appellants were the record title holders of the Ohio Leatherworks Building, located within the political subdivision of the city of Girard. On October 25, 1995, this building was destroyed by a fire, allegedly "resulting in a nuisance and creating an emergency within the City of Girard."
 {¶ 3} The complaint further alleged that appellants initially agreed to pay for the razing and clean up of the property; however, appellants failed to comply with the asserted agreement. As a result of this noncompliance, the City ordered a demolition of the building in an attempt to alleviate immediate dangers and hazards. The City hired Boccia Construction to proceed with the demolition of the property. Boccia Construction subcontracted Terreri to provide asbestos abatement services.
 {¶ 4} Consequently, the City's complaint sought to enjoin appellants from violating a city ordinance against nuisances and demanded that appellants be required to remove any remaining debris from the property. The City also requested compensation from appellants in an amount not exceeding $140,000 in costs and expenses incurred by the razing of the property.
 {¶ 5} Boccia Construction and Terreri were permitted to intervene as plaintiffs in the City's complaint against appellants. Terreri also filed an individual complaint against appellants, in conjunction with a cross-claim against the City and Boccia Construction. Terreri's claims included counts of breach of contract and unjust enrichment. Based upon these claims, Terreri sought compensation in the amount of $13,004 from Boccia Construction, the City, and appellants, jointly and severally, for costs incurred from the asbestos abatement.
 {¶ 6} Ultimately, this matter was submitted to a magistrate, at which time Boccia Construction, the City, and appellants executed a settlement agreement on December 23, 1996. The terms of the settlement agreement were presented orally in court and made part of the record. Under the terms of the in-court settlement agreement, the City was granted a judgment against appellants in the amount of $75,000. However, appellants could avoid this judgment by paying the City $5,000 within sixty days of the settlement agreement and performing additional cleanup at the property site within a prescribed period of time. Boccia Construction was also granted a judgment against appellants in the amount of $124,000. But such judgment could be avoided if appellants paid Boccia Construction $45,000 by February 24, 1997.
 {¶ 7} On January 29, 1997, the magistrate issued a decision which incorporated the transcribed in-court settlement agreement and found such agreement to be proper. In addition, the magistrate recommended that the case brought by the intervening plaintiff, Terreri, against Boccia Construction, the City, and appellants be continued. Appellants did not object to the magistrate's decision or to the terms of the agreement. As a result, on March 25, 1997, the trial court issued a judgment entry adopting the magistrate's recommendation and adopting the in-court settlement agreement.
 {¶ 8} Thereafter, based upon appellants' failure to comply with the settlement agreement, the City filed a separate lawsuit with the Trumbull County Court of Common Pleas. The City sought to foreclose upon certain judgment liens resulting from the underlying March 25, 1997 judgment entry.
 {¶ 9} On June 7, 2001, appellants filed a motion to vacate the March 25, 1997 judgment entry on the basis that it was not a final judgment and, thus, could not be executed upon. Appellants argued that because the trial court continued Terreri's claims as an intervening plaintiff, and because the trial court failed to make an express finding under Civ. R. 54(B) that there was "no just reason for delay[,]" the March 25, 1997 entry was not a final order.
 {¶ 10} Furthermore, on August 1, 2001 — over four years after the issuance of the March 25, 1997 judgment entry — appellants filed a motion to set aside the in-court settlement agreement. In this motion, appellants requested that the trial court conduct an evidentiary hearing to determine whether an enforceable agreement was executed. According to appellants, fraud and double billing rendered the purported settlement agreement voidable. In addition, appellants claimed that mistake and uncertainty as to the material terms and conditions under the settlement agreement rendered it unenforceable.
 {¶ 11} On November 6, 2001, the trial court issued a judgment entry denying appellants' motion to vacate the March 25, 1997 judgment entry and motion to set aside the settlement agreement. With respect to the motion to set aside, the court found that the terms and conditions of the agreement were not ambiguous as appellants' duties were clearly defined.
 {¶ 12} Appellants appealed from this decision and argued that the trial court erred in determining that the March 25, 1997 judgment entry was a final judgment. This court held that the March 25, 1997 judgment entry was not a final judgment under Civ. R. 54, as Terreri's claims had not been resolved and the court had failed to make the express determination that there was no just reason for delay. Girard v.Leatherworks Partnership, 11th Dist. No. 2001-T-0138, 2002-Ohio-7276. Thus, the appeal was dismissed for a lack of a final appealable order. Id.
 {¶ 13} Upon remand, the court proceeded with resolving Terreri's claims. First, all of Terreri's claims against the City were dismissed. The remaining claims against Boccia Construction and appellants proceeded to trial before a magistrate.
 {¶ 14} The trial commenced on March 12, 2003. During the first day of trial, the magistrate denied the oral motions of Boccia Construction and appellants which requested permission to file an oral answer instanter as to Terreri's claims. In doing so, the magistrate noted that Terreri's complaint/cross-claim had been pending for over seven years and, despite numerous opportunities, Boccia Construction and appellants failed to file an answer asserting that Terreri failed to perform the asbestos abatement or that Terreri was not entitled to compensation. The magistrate stated that it would be grossly unfair and prejudicial to permit Boccia Construction and appellants to assert answers of general denial, or otherwise defend against Terreri's claims, after such a prolonged period of time. Thus, the allegations incorporated within Terreri's claims were deemed admitted and the remaining issue of damages was to be determined at trial.
 {¶ 15} Following the magistrate's order denying Boccia Construction's and appellants' request for an oral answer instanter, Terreri moved for default judgment based upon the parties' failure to file an answer. The magistrate granted the default judgment in favor of Terreri. Accordingly, the only remaining triable issue was the amount of damages to which Terreri was entitled.[1]
 {¶ 16} While the trial was proceeding, appellants filed a Civ. R. 41(B)(2) motion to dismiss. Appellants' motion to dismiss argued that because there was no privity of contract between appellants and Terreri, Terreri could not claim damages under the theory of unjust enrichment. In addition, appellants maintained that Terreri's claim for unjust enrichment was improper due to Terreri's failure to exhaust its remedies with respect to Boccia Construction and due to a double payment. The magistrate denied appellants' motion to dismiss.
 {¶ 17} Following the trial, the magistrate issued a decision in favor of Terreri. The magistrate stated, "[b]ased upon the credibility of the testimony of the witnesses, the stipulations of the parties, the duly admitted exhibits, and the evidence adduced, this Magistrate finds that Terreri has met its burden of proof by a preponderance of the evidence in establishing its claims for unjust enrichment against [Boccia Construction] as well as [appellants] based upon the failure of said parties to file Answers to Terreri's claims for same. This Magistrate finds that the reasonable value of said services performed by Terreri is $13,004.00 and further that the value of the enrichment that both Boccia and [appellants] received is the same."[2]
 {¶ 18} Following the magistrate's decision, appellants filed timely objections to such decision. The trial court overruled the objections and adopted the magistrate's decision. Accordingly, the court entered judgment against Boccia Construction and appellants, jointly and severally, in the amount of $13,004.[3]
 {¶ 19} From this judgment, appellants have filed a timely notice of appeal and now sets forth the following four assignments of error:
 {¶ 20} "[1.] The trial court abused its discretion when it failed to grant Leatherworks' motion to set aside the settlement agreement, which requested an evidentiary hearing.
 {¶ 21} "[2.] The trial court erred in failing to grant appellants' rule 41(B)(2) motion to dismiss the intervenor's, Terreri's complaint.
 {¶ 22} "[3] The trial court erred by excluding evidence of the amount paid by Leatherworks for the work encompassed by the Boccia demolition contract.
 {¶ 23} "[4.] The trial court erred by excluding evidence that Leatherworks did not benefit from all the services provided by Terreri, under its claim for quantum meruit."
 {¶ 24} Under its first assignment of error, appellants argue that the trial court erred in denying their motion to set aside the settlement agreement. Appellants first maintain that the court committed reversible error by failing to hold an evidentiary hearing on this motion. Specifically, appellants maintain that per Rulli v. Fan Co. (1997),79 Ohio St.3d 374, the trial court was required to conduct an evidentiary hearing. We disagree.
 {¶ 25} In Rulli, the Ohio Supreme Court held that "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." (Emphasis added.) Id. at syllabus. The court reasoned that an evidentiary hearing was required because "it is not within the province of the trial judge to enforce a purported settlement agreement when the substance or the existence of that agreement is legitimately disputed." (Emphasis added.) Id. at 376.
 {¶ 26} Here, appellants requested an evidentiary hearing on the motion to set aside the settlement agreement more than four years after the court had entered judgment adopting the in-court agreement. At no time prior to judgment did appellants object to the terms of the settlement agreement or request an evidentiary hearing. That being the case, appellants cannot legitimately dispute the terms and conditions of the in-court settlement agreement and, therefore, the court was not required to hold an evidentiary hearing. See, e.g., Mack v. Polson Rubber Co.
(1984), 14 Ohio St.3d 34. Hence, the absence of an evidentiary hearing did not result in reversible error. This portion of appellants' first assignment of error is not well-taken.
 {¶ 27} Appellants further argue that the terms of the agreement requiring a cleanup of the site was vague and ambiguous. Also, appellants argue that the money judgments, which were part of the settlement agreement, resulted in a double billing. Thus, appellants conclude the trial court erred in denying the motion to set aside. We disagree.
 {¶ 28} A settlement agreement entered into in the presence of the court constitutes a binding contract and the trial court may properly sign a judgment entry adopting the agreement. Booth v. Booth, 11th Dist. No. 2002-P-0099, 2004-Ohio-524, at ¶ 6, citing Spercel v. SterlingIndustries, Inc. (1972), 31 Ohio St.2d 36, paragraph two of the syllabus. In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, it is within the court's discretion to adopt the settlement as its judgment. Walther v. Walther (1995), 102 Ohio App.3d 378, 383.
 {¶ 29} In this case, the trial court adopted the in-court settlement agreement as contained in the magistrate's decision. Appellants failed to file written objections to either the magistrate's decision or the terms of the settlement agreement as incorporated by the magistrate's decision, prior to the court's adoption of the settlement agreement. In fact, appellants did not file the motion to set aside the in-court settlement agreement until over four years after the court adopted the agreement.
 {¶ 30} Appellants' failure to object to the magistrate's decision acts to bar appellants from challenging the court's adoption of the magistrate's decision. Civ. R. 53(E)(4). See, also, Booth at ¶ 7; Perkov. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G2-435, and 2002-G-2436, 2003-Ohio-1877, at ¶ 21. Moreover, appellants' failure to file a timely motion to set aside the agreement results in a waiver of any claimed error as to the validity of the terms of the agreement. See, e.g. Wadev. Walker (May 23, 1986), 6th Dist. No. ot-85-32, 1986 Ohio App. LEXIS 6892, at 3-4, citing Mack. Specifically, appellants' failure to move to set aside the judgment and bring to the attention of the trial court any objection to the terms of the agreement, prior to the court's adoption of the agreement, precludes appellant from establishing that the court abused its discretion by adopting the agreement. This portion of appellants' first assignment of error is not well-taken.
 {¶ 31} Finally, appellants contend that its representative counsel was not authorized to enter the in-court settlement agreement. Thus, appellants conclude that the agreement is invalid.
 {¶ 32} Again, there is no evidence that appellants objected to the settlement agreement on this basis or brought forth this contention prior to the court's adoption of the magistrate's decision and the agreement. Moreover, the transcribed settlement agreement demonstrates that appellants' representative counsel informed the court that appellants had telephonically granted him the authority to enter the agreement. Accordingly, this portion of appellants' first assignment of error is not well-taken.
 {¶ 33} Even assuming that appellants had issued a timely objection, and that there was evidence their counsel entered the agreement without proper authority, appellants' argument still fails. This court has consistently held that a party may not attempt to repudiate a settlement agreement based upon the improper conduct of its representative counsel.McGowan v. McGowan, 11th Dist. No. 2003-G-2500, 2004-Ohio-2786, at ¶ 12; Lepole v. Long John Silver's, 11th Dist. No. 2003-P-0020,2003-Ohio-7198, at ¶ 15; Perko at ¶ 27. Thus, for this additional reason, this portion of appellants' first assignment of error is not well-taken.
 {¶ 34} Appellants' first assignment of error is without merit.
 {¶ 35} Under its second assignment of error, appellants argue that the trial court erred in denying its Civ. R. 41(B)(2) motion to dismiss Terreri's claims. First, appellants maintain that unjust enrichment was not applicable because Terreri had failed to exhaust its remedies against Boccia Construction.
 {¶ 36} Pursuant to Civ. R. 41(B)(2) a defendant may move for a dismissal of the action at the close of the plaintiff's case-in-chief. The court may dismiss the action if based "upon the facts and the law the plaintiff has shown no right to relief." Civ. R. 42(B)(2). Here, appellants' Civ. R. 41(B)(2) motion to dismiss argued, in relevant part, that Terreri's claim for unjust enrichment could not succeed because Terreri had failed to establish that it had exhausted its remedies against Boccia Construction. However, due to appellants' failure to answer, and the subsequent default judgment, appellants were precluded from asserting this general defense. The only triable issue was regarding the amount of damages.
 {¶ 37} Under Civ. R. 55(A), default judgment is proper when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" By not answering a plaintiff's complaint/cross-claim, a defendant has failed to plead or otherwise defend. Civ. R. 55(A) is consistent with Civ. R. 8(D), which provides in pertinent part: "averments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading." See, e.g., Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp.Assn. (1986), 28 Ohio St.3d 118, 121.
 {¶ 38} When a defendant fails to answer, default judgment is appropriate because liability has been admitted or "confessed" by the omission of statements in a pleading refuting the plaintiff's claims.Reese v. Proppe (1981), 3 Ohio App.3d 103, 105. See, also, Johnsonv. Cromaz (Dec. 23, 1999), 11th Dist. No. 98-G-2151, 1999 Ohio App. LEXIS 6240, at 13; Kuntz Properties, Inc. v. Brown, 11th Dist. No. 2001-A-0024, 2002-Ohio-2075. Once a default judgment has been entered, the only remaining triable issue is the amount of damages. Cromaz at 16;Brown at 6. Nevertheless, a default judgment is improper when the complaint fails to state a cause of action against the defendant in default. Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134, 135.
 {¶ 39} In the case sub judice, appellants failed to answer and, therefore, the trial court accepted all allegations set forth in Terreri's complaint/cross-claim as admitted. Johnson at 14. Also, Terreri's complaint/cross-claim asserted a cause of action for unjust enrichment against appellants and averred that it had been unable to collect damages from Boccia Construction. Terreri's complaint/cross-claim has stated a cause of action against appellants for unjust enrichment and the averments of the pleadings were admitted. As a result, the trial court properly denied appellants' Civ. R. 41(B)(2) motion to dismiss, as the allegations of the complaint/cross-claim were admitted, thereby rendering appellants' contentions meritless. This portion of appellants' second assignment of error is not well-taken.
 {¶ 40} Appellants further argue that in an action for unjust enrichment related to real property, the only measure of damages is enhancement of the market value of the property. Thus, appellants maintain that the trial court erred in denying the Civ. R. 41(B)(2) motion because Terreri failed to present any evidence of the property's enhanced market value.
 {¶ 41} Unjust enrichment is derived from the equitable principal that no person ought to retain a benefit which, if retained by him or her, would result in inequity and injustice. Hambleton v. R.G. Barry Corp.
(1984), 12 Ohio St.3d 179, 183. Recovery for unjust enrichment does not rest upon the intentions of the parties and, therefore, damages for unjust enrichment are calculated differently from damages for breach of contract. Shaw v. J. Pollock Co. (1992), 82 Ohio App.3d 656, 662. A party that established breach of contract is entitled to the "benefit of his bargain." Garofalo v. Chicago Title Ins. Co. (1995),104 Ohio App.3d 95, 108. "However, unjust enrichment entitles a party only to restitution of the reasonable value of the benefit conferred."Blue Chip Pavement Maintenance, Inc. v. Ryan's Family Steak Houses,Inc., 12th Dist. No. CA2003-09-072, 2004-Ohio-3357, at ¶ 18, citing St.Vincent Med. Ctr. v. Sader (1995), 100 Ohio App.3d 379. The reasonable value of the benefit conferred is the monetary amount expended for the services provided and materials used. St. Vincent Med. Ctr. at 384. See, also, Blue Chip Pavement Maintenance, Inc.
 {¶ 42} Clearly, the enhanced market value of the property is the improper valuation to apply in the case at bar. Instead, the trial court properly examined the evidence with respect to the money expended for the services provided and materials used. Based upon this evidence, the trial court appropriately concluded that $13,004 was the reasonable value of the benefit conferred upon appellants and entered judgment accordingly. This portion of appellants' second assignment of error is also not well-taken.
 {¶ 43} Appellants' second assignment of error is without merit.
 {¶ 44} Under its third assignment of error, appellants contend that the trial court erred in excluding evidence of its full payment for the work of Boccia Construction. In doing so, appellants argue that evidence of the full payment of the contractor, Boccia Construction, precludes the subcontractor, Terreri, from succeeding on a claim for unjust enrichment.
 {¶ 45} As stated previously, appellants' failure to answer Terreri's complaint/cross-claim, in conjunction with the default judgment, precludes the assertion of a general defense as to liability. Specifically, appellants attempted to answer the complaint/cross-claim seven years after the pleadings had been filed. The averments of Terreri's complaint/cross-claim were admitted by appellants. Terreri's complaint/cross-claim presented a cause of action under the theory of unjust enrichment. Thus, the trial court properly excluded evidence of appellants' alleged payment of Boccia Construction, as the only triable issue remaining was the amount of damages Terreri was entitled to under its claim for unjust enrichment. Appellants' third assignment of error is without merit.
 {¶ 46} Under its fourth assignment of error, appellants argue the trial court erred by not allowing the introduction of evidence demonstrating that it did not benefit from the work performed by Terreri.
 {¶ 47} Again, appellants' failure to file an answer and the motion for default judgment precluded appellants from presenting a general defense to Terreri's unjust enrichment claim. As stated by the magistrate, it would be grossly unfair and prejudicial to permit Boccia Construction and Terreri to assert answers of general denial or otherwise defend against Terreri's claims after such a prolonged period of time. Thus, the trial court properly excluded evidence pertaining to appellants' defense that it did not benefit from Terreri's services. Appellants' fourth assignment of error is without merit.
 {¶ 48} Based upon the foregoing analysis, appellants' four assignments of error are without merit. We hereby affirm the judgment of the trial court.
O'Neill, J., Rice, J., concur.
[1] The magistrate issued an order clarifying that the only remaining issue was damages.
[2] Pursuant to appellants' request per Civ. R. 52, the magistrate issued an amended decision which included findings of fact and conclusions of law.
[3] The resolution of Terreri's claims rendered the March 25, 1997 judgment entry a final appealable order.