[Cite as *Stephens v. Stephens*, 2024-Ohio-106.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| Perry Stephens | Court of Appeals No.  OT-23-013 |
| Appellee | Trial Court No.  22 DV 115 |
| v. | |
| Joanne Stephens | **DECISION AND JUDGMENT** |
| Appellant | Decided:  January 12, 2024 |

* * * * *

James S. Gentile and Rhys Cartwright-Jones, for appellant.

* * * * *

**ZMUDA, J.**

## I.    Introduction

{¶ 1} This matter is on appeal from the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, approving the magistrate's decision and entering a final decree of divorce, consistent with the parties' settlement agreement.  For the reasons that follow, we affirm.

## II. Background

{¶ 2} Appellant, Joanne Stephens (wife) and appellee, Perry Stephens (husband) were married in 2014. On September 29, 2022, husband filed a complaint for divorce, alleging incompatibility. The couple had no minor children.

{¶ 3} On March 9, 2022, the parties appeared for trial before a magistrate and informed the court they had resolved the case. Counsel for husband recited the settlement agreement into the record, as follows:

> The parties are proceeding today on the grounds of incompatibility.
>
> The marital real estate located at 555 South Streeter Road in Port Clinton shall be awarded to the [Wife]. She'll have six months to refinance the debt on the property to remove the [Wife's] – or the [Husband's] name from that debt obligation. And pay the [Wife] the sum of $17, 593.
>
> If [Wife] is unable to refinance in the six-month period, the property be sold and the net sale proceeds split equally. However, the [Wife] – the [Husband] would be awarded no less than $17,593.
>
> If there's insufficient sale proceeds to award [Husband] $17,593, the [Wife] would owe the difference to [Husband].
>
> If the [Wife] is unable to refinance within six months, the [Husband] would have the option to be awarded the property, refinance that property, and pay – take possession and pay the [Wife] $11,593.

2.

[Counsel for Wife]: Fourteen, right?

Well, we adjust for the 3,000.

[Counsel for Wife]: Right. So 17, 17 minus 14 makes.

Fourteen minus three.

[Counsel for Wife]: Oh, Yeah, yeah, yeah. I got ya.

11,000

[Counsel for Wife]: Yup.

$11,593.

The [Husband's] pension through Biro Manufacturing would be divided between, for the QDRO. The dates would be June 25th, 2014 to March 9, 2023. The parties will equally split the cost of the preparation and filing of the QDRO.

Personal property at the, at the marital residence to be divided, the equity between the parties. If the parties are unable to agree, the Court reserve jurisdiction over that issue.

Each party will keep whatever vehicles that are titled in their name.

The [Husband] will have 60 days to vacate the property.

There will be no spousal support paid by either party, and that the Court will not reserve jurisdiction over spousal support.

3.

The parties will equally divide all household bills until the [Husband] vacates the premises, then [Wife] shall be solely responsible for all household bills and debts.

Since we have this obligation to refinance in six months, the Court will set a compliance Hearing on September 21st at 9:00 a.m.

THE COURT: All right. Attorney [for Wife], any changes, additions, corrections to that agreement or (inaudible)?

[Counsel for Wife]: I'm sure he said it, I just want to make sure it was on the record that the [Husband] will vacate within 60 days.

THE COURT: Yes, he did.

[Counsel for Wife]: Okay. That, that sounds like the agreement then.

The parties agreed, on the record, that counsel for husband would prepare the written entry, and the trial court placed husband and wife under oath before addressing each regarding the settlement agreement. Both husband and wife confirmed they participated in settlement and agreed with the recited terms.

{¶ 4} At the conclusion of hearing, the court asked the parties if they wished to have party and counsel signatures on the entry to be prepared by husband's attorney, and the parties indicated all would sign, with wife's attorney requesting seven days to complete his portion. The trial court granted three weeks from the date of hearing for execution of the judgment entry and adjourned.

4.

**{¶ 5}** On March 9, 2023, the trial court entered a magistrate's order, indicating settlement on all pending issues, as recited into the record, with counsel for husband to submit a judgment entry reflecting the parties' agreement "no later than March 31, 2023." Pursuant to the terms of the agreement, the magistrate scheduled a compliance review concerning the real estate on September 21, 2023. The entry contained the following language in bold type:

> **This order is effective without further judicial approval. The parties**
>
> **have 10 days to file a "Motion to Set Aside Magistrate's Order."**

**{¶ 6}** On April 4, 2023, the trial court filed the judgment entry, signed by husband and his counsel, but not signed by wife and her counsel. Instead, on the signature lines, the notation reads, "Submitted 3-9-23 and not returned." The signatures of husband and his counsel are undated, but the document contains a date imprint, along the top of each page, of March 27, 2023 4:14 PM." The appearance docket indicates a proposed entry was submitted on March 27, 2023.

**{¶ 7}** On May 1, 2023, wife filed her notice of appeal.

**{¶ 8}** On June 23, 2023, we remanded the matter to the trial court for entry of a final judgment, noting the magistrate and judge both signed the proposed entry, with no indication that the judge adopted the magistrate's decision. On June 29, 2023, the trial court issued a final judgment, reciting review of the magistrate's decision, the fact no objections were filed, and adopting the decision without modification.

5.

{¶ 9} On August 4, 2023, wife filed a motion for limited remand for ruling on her June 30, 2023 motion to set aside the order of the magistrate, which the trial court had not addressed. On September 15, 2023, we denied the motion for remand, noting the failure to file any challenge to the magistrate's decision within the time permitted for objections.

### III.    Assignment of Error

{¶ 10} Wife filed an appellate brief on June 20, 2023, asserting a single assignment of error:

> THE COURT ERRED IN APPROVING A JUDGMENT ENTRY FINAL
> DECREE OF DIVORCE WHEN THE COURT REQUJIRED ALL
> PARTIES AND COUNSEL TO SIGN AND WIFE AND WIFE'S
> ATTORNEY DID NOT SIGN AND THE ENTRY WAS NOT
> SUBMITTED IN ACCORDANCE WITH LOCAL RULE 18

{¶ 11} Husband has not appeared or filed a brief in this appeal.

### IV.    Analysis

{¶ 12} In support of her assignment of error, wife acknowledges a court may incorporate the terms of a settlement, memorialized on the record, as part of its journal entry, but argues that a court may not "force an agreement upon the parties." She argues a court abuses its discretion when it adopts a settlement agreement without conducting a hearing to adjudicate disputes. Because she never signed the proposed entry, she argues this is evidence of an existing dispute that prevented adoption by the trial court.

6.

Additionally, wife argues that the trial court signed the entry four days late, on April 4, 2023, after ordering the entry to be presented no later than March 31, 2023.

{¶ 13} "As the Ohio Supreme Court recognized almost a century ago, when 'a consent decree has been entered by the court, such a decree is not even subject to direct attack, except for irregularity or fraud in its procurement.'" *Salpietro v. Salpietro,* 2023-Ohio-169, 205 N.E.3d 1203, ¶ 13, (6th Dist.), quoting *Sponseller v. Sponseller*, 110 Ohio St. 395, 399, 144 N.E. 48 (1924), citing *Harding v. Harding*, 198 U.S. 317, 335, 25 S.Ct. 679, 49 L.Ed. 1066 (1905) (additional citation omitted.). Because a divorce decree based on settlement is essentially a consent decree, wife's consent to the settlement agreement waives her right to appeal its terms absent issues related to formation of the agreement itself. (Citations omitted) *Salpietro* at ¶ 13.

{¶ 14} On appeal, wife does not challenge the formation of the agreement, but instead challenges procedural issues related to the trial court's incorporation of the agreement in its final decree, arguing husband's attorney submitted it after the March 31, 2023 deadline, and arguing the absence of her signature signals a dispute, despite the fact she failed to file a motion to set aside the magistrate's order. Neither of wife's arguments address the requirements for or effect of a consent decree, and her procedural challenges do not negate the settlement.

{¶ 15} First, wife's claim of a missed deadline is refuted by the record. Simply put, the appearance docket plainly indicates the proposed entry was submitted and

7.

received by the trial court on March 27, prior to the alleged March 31, 2023 deadline. Thus, the docket belies wife's claim that husband's attorney failed to submit the proposed entry before a deadline, even if such a deadline were dispositive. As to the timeliness of husband's submission, therefore, the record refutes wife's argument.

{¶ 16} Second, wife argues her lack of signature is the equivalent of affirmatively filing a motion to set aside the magistrate's order. The authority she recites in support provides no support for this contention. *See, e.g., Schrock v. Schrock,* 12th Dist. Madison No. CA2005-04-015, 2006-Ohio-748 (settlement agreement is an enforceable contract and failure to affirmatively challenge terms in the trial court waives issue on appeal); *Kilroy v. Kilroy,* 11th Dist. Geauga No. 2002-G-2470, 2003-Ohio-5214 (dispute existed based on wife's filed objections to husband's proposed entry); *Phillips v. Phillips,* 5th Dist. Stark Nos. 2004CA00105, 2004CA00005, 2005-Ohio-231 (no settlement where in-court record did not reflect a meeting of the minds).

{¶ 17} In this case, the record demonstrated agreement with the settlement terms, and the written entry accurately records those terms. While the proposed entry did not note the manner of presentment, the in-court settlement is a binding contract, and the trial court was "free to adopt a proposed entry that accurately reflects the terms of the settlement, unless the record reflects some objection by the non-drafting party." *Salpietro* at ¶ 19, citing *Johnson-Rome v. Rome,* 2d Dist. Montgomery No. 27200, 2017-Ohio-4099, ¶ 7; *Benz v. Benz,* 11th Dist. Geauga No. 2004-G-2589, 2005-Ohio-5870, ¶

8.

14; *Wade v. Wade,* 6th Dist. Fulton No. F-02-14, 2003-Ohio-686, ¶ 6 (additional citations omitted.).

{¶ 18} In her appeal, wife seeks to object to the agreed-upon terms, for the first time, without otherwise explaining the actual dispute she alleges or explaining her failure to file a motion to set aside the magistrate's decision within 10 days, as required.

{¶ 19} The Local Rules implicated are as follows:

18.01 Preparation

After a hearing which disposes of a case, after a mediation which results in settlement, or after a case has been reported settled, unless the Court otherwise directs or the parties otherwise agree with the Court's consent, counsel for the party in whose favor an order, decree, or judgment is rendered, shall within fourteen (14) days thereafter prepare the proper journal entry, and submit it to the counsel for the adverse party, who shall approve or reject the same within ten (10) days after the receipt thereof. If counsel fails to present an entry within thirty (30) days after the order is decreed, or judgment rendered, the Judge may cause the proper entry to be prepared and filed without submission or notice to counsel, schedule a hearing or take such other action as may be appropriate under the circumstances.

9.

18.04. Failure to Return

If the entry is presented to the adverse party as in section 18.01 above, and the adverse party fails to sign, return and/or file the entry after ten (10) days, the party who prepared the entry shall submit the entry to the Court and shall indicate on the signature line when the entry was presented to the adverse party and the manner of presentment. The Judge may sign the entry if is [sic.] comports with the parties' agreement.

{¶ 20} We recently addressed nearly identical argument and rejected it in *Salpietro v. Salpietro,* 2023-Ohio-169, 205 N.E.3d 1203 (6th Dist.). In *Salpietro*, we considered whether a trial court properly approved a proposed decree submitted by husband's attorney and not signed by wife or her attorney. In that case, the wife appealed the adoption of the judgment entry, arguing the entry contained errors and the trial court violated its local rules by not providing her 14 days to object to the contents of the proposed decree. In rejecting wife's argument, we found the terms of the settlement were placed on the record in open court, the written entry reflected those terms, and wife failed to file an objection. *Salpietro* at ¶ 19. "Thus, it is not error for a trial court to adopt a proposed entry that one party submits in compliance with the court's local rules when the other party remains silent or fails to comply with the local rules." *Salpietro* at ¶ 19, citing *Johnson-Rome* at ¶ 8 (no error when opposing party failed to object to drafting party's proposed entry as required by the local rules) (additional citation omitted.).

{¶ 21} The error claimed in *Salpietro* was a failure to wait 14 days for wife's objection, with the only discrepancy between the settlement agreement and the written entry a clerical error. *Id.* at ¶ 22. The terms included in the written entry were the same as those recited into the record as the settlement agreement. *Id.* Therefore, any error resulted in no prejudice to wife, as a "party cannot establish prejudicial error when the trial court adopts a proposed entry that accurately reflects the parties' settlement agreement." *Id.,* citing *Benz,* 11th Dist. Geauga No. 2004-G-2589, 2005-Ohio-5870, at ¶ 20.

{¶ 22} In this case, wife argues the proposed entry was submitted without a "manner of presentment" noted on the signature line. She does not, however, argue the proposed entry was never presented to her or her counsel, or that the terms within the proposed entry varied from the settlement recited into the record. Moreover, Local Rule 18.01 permitted the trial court to enter its own order, memorializing the settlement terms already part of the record, if it failed to receive the proper entry within 30 days. Finally, as in *Salpietro,* neither wife nor her attorney raised any objection to the settlement terms and wife does not argue any prejudice arising from the lack of a "manner of presentment" on an entry she does not deny receiving. Wife also did not attempt to file a motion to rescind the settlement until after she perfected her appeal.

{¶ 23} Here, the entry adopted by the trial court matched the terms recited on the record, in wife's presence, and wife does not demonstrate that the terms of the settlement

11.

are inaccurate or the product of fraud, duress, or other misconduct. Wife, furthermore, does not raise any challenge but a technical rule infraction, with no claim of prejudice. Considering the consent decree and the lack of filed objections, wife's argument regarding presentment lacks merit and the trial court properly incorporated the settlement agreement as part of the final decree.

**{¶ 24}** Wife's sole assignment of error, accordingly, is not well-taken.

## V. Conclusion

**{¶ 25}** Finding substantial justice has been done, we affirm the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                 _____

                                  JUDGE

Gene A. Zmuda, J.                  

                                  _____

Myron C. Duhart, J.                JUDGE
CONCUR.

                                  _____

                                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.