[Cite as *Ibrahim v. Bailfish Servs., L.L.C.*, 2026-Ohio-1730.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KAWTHAR IBRAHIM | Case No. 25 CAE 10 0087 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 24 CV 12 1250 |
| BAILFISH SERVICES LLC, ET AL. | Judgment: Affirmed |
| Defendants - Appellants | Date of Judgment Entry: May 12, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** EVAN R. DOWNING, for Plaintiff-Appellee; MATTHEW T. ANDERSON, KYLE T. ANDERSON, SANTINA M. GRACEFFA, ERIC H. ZAGRANS, for Defendants-Appellants.

*King, P.J.*

{¶ 1} Defendants-Appellants, Bailfish Services, LLC and Kenneth C. Fisher, appeal the September 26, 2025 judgment entry of the Delaware County Common Pleas Court denying their motion for relief from judgment and their motion to vacate the show cause hearing. Plaintiff-Appellee is Kawthar Ibrahim. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} Ibrahim entered into a construction contract with Bailfish to restore her fire damaged home; Fisher is the sole owner of Bailfish. A dispute arose between the parties; Ibrahim claimed appellants failed to complete the work as contracted and appellants claimed Ibrahim failed to make timely payments.

{¶ 3} On December 6, 2024, Ibrahim filed a complaint against appellants alleging breach of contract, violations of the Consumer Sales Practices Act ("CSPA"), fraud in the inducement, fraud and misrepresentation, and unjust enrichment. Because appellants failed to answer, Ibrahim filed a motion for default judgment on April 2, 2025. By judgment entry filed April 4, 2025, the trial court granted the motion as to liability against both appellants. A damages hearing before a magistrate was held on May 19, 2025; appellants failed to appear. By decision filed May 21, 2025, the magistrate recommended an award of $498,467.28 for compensatory and treble damages, plus $2,692.63 for attorney fees. By judgment entry filed May 22, 2025, the trial court adopted the magistrate's decision.

{¶ 4} By order filed July 10, 2025, a judgment debtor examination was scheduled for July 31, 2025; appellants failed to appear. On August 19, 2025, Ibrahim filed a motion to show cause; a hearing was scheduled for October 13, 2025.

{¶ 5} On August 27, 2025, appellants filed a Civ.R. 60(B) motion for relief from judgment, arguing insufficient service of process and meritorious defenses. On September 9, 2025, appellants filed a motion to vacate the show cause hearing. By judgment entry filed September 26, 2025, the trial court denied both motions.

{¶ 6} Appellants filed an appeal with the following assignments of error:

I

{¶ 7} "THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT, AS THE DEFAULT JUDGMENT ENTERED AGAINST APPELLANTS IS VOID *AB INITIO* FOR LACK OF PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE OF PROCESS."

II

{¶ 8} "IN THE ALTERNATIVE, THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR RELIEF FROM JUDGMENT, AS APPELLANTS PRESENTED MERITORIOUS DEFENSES, DEMONSTRATED ENTITLEMENT TO RELIEF UNDER CIV.R. 60(B)(1) FOR EXCUSABLE NEGLECT OR UNDER CIV.R. 60(B)(5) FOR OTHER REASONS JUSTIFYING RELIEF, AND FILED THE MOTION IN A REASONABLE TIME."

III

{¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DECISIONS ENTERED AUGUST 20, 2025, SEPTEMBER 26, 2025, AND SEPTEMBER 30, 2025 BY FAILING TO VACATE THE SHOW CAUSE HEARING IN ITS ENTIRETY AND BY ORDERING A JUDGMENT DEBTOR EXAMINATION DUE TO IMPROPER SERVICE OF THE UNDERLYING JUDGMENT DEBTOR EXAMINATION ORDER, AS THE TRIAL COURT'S ORDERS ARE IN CONTRAVENTION OF R.C. 2333.25."

I

{¶ 10} In their first assignment of error, appellants claim the trial court erred in denying their Civ.R. 60(B) motion because the default judgment was void ab initio for lack of personal jurisdiction due to insufficient service of process. We disagree.

{¶ 11} "Personal jurisdiction is a question of law that appellate courts review de novo." *Kauffman Racing Equipment, L.L.C. v. Roberts,* 2010-Ohio-2551, ¶ 27; *accord Mangan v. Morocho & Garcia Construction, LLC,* 2024-Ohio-2241, ¶ 10 (10th Dist.). The plaintiff bears the burden of securing proper service. *Cincinnati Insurance Co., v. Emge,* 124 Ohio App.3d 61, 63 (1st Dist. 1997). "Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant

rebuts this presumption with sufficient evidence of non-service. In order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she did not receive service." (Citations omitted.) *Hook v. Collins,* 2017-Ohio-976, ¶ 14 (8th Dist.).

{¶ 12} Pursuant to Civ.R. 4(A)(1)(a), Ibrahim sought service via certified mail to Fisher at 1063 Sunbury Meadows; Bailfish was to be served at a different address. Fisher's service was not returned as unclaimed or undeliverable, but the return receipt card is not in the file. Bailfish's service was returned as not deliverable. After unsuccessful attempts to serve Bailfish via certified mail to three different addresses, Ibrahim secured a process server (Steve Powers) to deliver the documents. The process server completed personal service to both appellants on February 26, 2025, with returns filed on March 4, 2025. As noted by appellants, the signatures of the process server on the returns are illegible. Thereafter, Ibrahim moved for default judgment for failure to answer which the trial court granted on April 4, 2025; damages were awarded after a hearing wherein appellants failed to show. On August 19, 2025, Ibrahim moved for show cause as to why appellants failed to appear for a judgment debtor examination. Numerous entries and notices mailed to the 1063 Sunbury Meadows address via ordinary mail were not returned.

{¶ 13} On August 27, 2025, appellants filed a motion for relief from judgment and claimed in part insufficient service of process. Attached to the motion was the affidavit of Fisher, who averred he was making the affidavit on behalf of himself and Bailfish and he was the sole member of Bailfish and the custodian of the records. Fisher aff. at ¶ 2 and 3. Fisher averred Bailfish was insolvent and a number of lawsuits were filed against himself and Bailfish, some of which he was aware of and some of which he was not. *Id*. at ¶ 6. Fisher stated, "I do not recall receiving service of summons for this matter" and after

checking business and personal records, "I cannot locate any type of summons or complaint for this lawsuit." *Id*. at ¶ 8 and 9.

{¶ 14} In its judgment entry, the trial court acknowledged that a sworn statement by a defendant that service was not received is sufficient to warrant an evidentiary hearing, but in this case, Fisher never claimed appellants were not served; instead, he averred that he could not recall being served and was unable to locate any documents. Judgment Entry filed September 26, 2025. The trial court determined such equivocal statements are insufficient to rebut the presumption of service, citing cases in support. An examination of those cases confirms the trial court's determination was correct. *See Gupta v. Edgecombe,* 2004-Ohio-3227, ¶ 17 (10th Dist.) ("defendant's statements that he 'does not recall' seeing or receiving the complaint fall short of asserting that he was not served with the complaint. Thus, even if defendant were to prove at an evidentiary hearing that he does not recall receiving the complaint, such evidence would not support a determination that defendant was not properly served in accordance with Civ.R. 4"); *Maximum Independent Living v. Alarm Devices & Supply Co.,* 1992 Ohio App. LEXIS 367 (8th Dist. Jan. 30, 1992) ("we find appellant's affidavit averring that he could not 'recall' receiving process to be insufficient to rebut the presumption that service was valid").

{¶ 15} The record contains the returns of a personal process server. Appellants did not claim they were never served, just that they did not remember being served; they did not produce sufficient evidence and/or information of non-service in order to rebut the presumption of proper service.

{¶ 16} Upon review, we find the trial court did not err in denying the Civ.R. 60(B) motion due to insufficient service of process.

{¶ 17} Assignment of Error I is denied.

## II

{¶ 18} In their second assignment of error, appellants claim the trial court abused its discretion in denying their motion for relief from judgment. We disagree.

{¶ 19} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 20} Appellants based their Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1) and (5). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a

reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 21} In their Civ.R. 60 motion, appellants' argument for excusable neglect under subsection (B)(1) was tied to their argument on insufficient process. Our decision under the first assignment of error renders this argument moot. Appellants also argued "severe financial distress, insolvency, downsizing" and "dire financial distress and litigation overload." Appellants' Brief at 16 and Appellants' Reply Brief at 5, respectively. The trial court determined these events do not constitute excusable neglect. Judgment Entry filed September 26, 2025. Because these events do not constitute "some unexpected or unavoidable hindrance or accident" that appellants could not have guarded against, we do not find the trial court abused its discretion in its determination. *Brooks v. RKUK, Inc.,* 2022-Ohio-266, ¶ 42, 45 (5th Dist.).

{¶ 22} Since subsection (B)(1) did not apply, that leaves subsection (B)(5), "any other reason justifying relief from the judgment." The grounds for invoking Civ.R. 60(B)(5) "should be substantial" and should not "be used as a substitute for any of the other more specific provisions of Civ. R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman,* 5 Ohio St.3d 64, 66 (1983), citing *Adomeit v. Baltimore,* 39 Ohio App. 2d 97, 105 (1974) ("Civil Rule 60(B)(5) is only to be used in an extraordinary and unusual case when the interests of justice warrants it"). Examples of extraordinary and/or unusual circumstances include fraud upon the court, trial court impropriety and/or bias, and trial court "errors and omissions, which are 'distinct' from mere errors in judgment that can be remedied through a timely appeal." *In re J.W.,* 2013-Ohio-4368, ¶ 30 (9th Dist.). "Each of these

examples involved unusual circumstances that were not disclosed to all parties at the time of judgment, and which inherently affected the accuracy and reliability of the trial court's judgment." *Id.*

{¶ 23} Appellants' motion argued the merits of their meritorious defense: 1) they did not breach the contract, Ibrahim did; 2) the Consumer Sales Practices Act was not applicable in the case; and 3) Fisher contested his personal liability. The trial court determined these arguments go to the merits of the case and "not that there is a sufficient reason to justify relief from judgment under Rule 60(B)." Judgment Entry filed September 26, 2025. Because appellants did not argue any extraordinary and/or unusual circumstances to warrant Civ.R. 60(B)(5) relief, we do not find the trial court abused its discretion in its determination.

{¶ 24} Since appellants failed to establish the second prong of the *GTE Automatic* test, the trial court was not required to address appellants' meritorious defense. *Brooks* at ¶ 49.

{¶ 25} Upon review, we find the trial court did not abuse its discretion in denying the motion for relief from judgment.

{¶ 26} Assignment of Error II is denied.

III

{¶ 27} In their third assignment of error, appellants claim the trial court erred by failing to vacate the show cause hearing and by ordering a judgment debtor examination given the improper service of the underlying judgment debtor examination order. We disagree.

{¶ 28} Appellants argue the trial court's July 10, 2025 order scheduling the judgment debtor examination was served via ordinary mail in violation of R.C. 2333.25

and Civ.R. 4(A). After several motions, responses, and orders, Ibrahim filed an unopposed motion to withdraw motion and vacate judgment debtor examination on October 13, 2025 (after the filing of the notice of appeal); the trial court granted the motion on the same date. The end result of the July 10, 2025 order is that there is no longer a live controversy therefore, the issue is moot. *State ex rel. Gaylor, Inc. v. Goodenow,* 2010-Ohio-1844, ¶ 10, quoting *Los Angeles County v. Davis,* 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969) ("A '"case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"'").

{¶ 29} Assignment of Error III is denied.

{¶ 30} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is AFFIRMED.

{¶ 31} Costs to Appellants.

By: King, P.J.

Baldwin, J. and

Montgomery, J. concur.